**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all other similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. 1:25-cv-01775 (Hon. Keli M. Neary) |
| CABINETS TO GO, LLC, | |
| Defendant. | |

## JOINT CASE MANAGEMENT PLAN

Plaintiff Kelly Bland ("Plaintiff") and Defendant Cabinets to Go, LLC ("Defendant" or "Cabinets to Go") (collectively, the "Parties"), by and through their respective undersigned counsel, respectfully submit this Joint Case Management Plan.

## 1.  Principal Issues

**1.1    Separately for each party, please give a statement summarizing this case:**

**By plaintiff(s):**

Plaintiff contends that the Defendant, Cabinets to Go, LLC, placed at least two calls to her cell phone on the National Do Not Call Registry, in violation of multiple provisions of the TCPA and the Texas Business and Commerce Code. Plaintiff denies that she submitted any information to Cabinets to Go and further that she, like all class members, did not provide any consent to receive contact from Cabinets to Go. Furthermore, the Plaintiff alleges that, during the subject call,

1

Plaintiff requested not to be contacted, but received calls anyway. Furthermore, the Plaintiff notes that any consent or purported consent is irrelevant to the Telemarketing Caller ID Class she has pled.

Based on the foregoing conduct, the Plaintiff pleads the following classes:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from Defendant, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all or (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Internal DNC Class:** All persons within the United States to whom: (1) Defendant sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Texas Business and Commerce Code Class:** All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as telephone solicitors with the Texas Secretary of State, (3) at any time in the period that begins four years before the

date of filing this Complaint to trial.

**By defendant(s):**

Defendant denies that it made any calls to Plaintiff in violation of the federal or state statutes. Although Defendant acknowledges that a third party contacted Plaintiff on its behalf, Plaintiff gave her consent that Defendant could contact her in the future with respect to a potential sale of its goods and services. Defendant denies that Plaintiff's claims are actionable, that Ms. Bland is a suitable class representative and that any class should be certified in this action. Further, Defendant denies that there is personal jurisdiction and alternatively that this is the correct venue.

**1.2    The facts the Parties <u>dispute</u> are as follows:**

The Parties dispute the number of calls (beyond two) that the Plaintiff received. The Parties dispute whether the calls prior to March 27, 2025 were placed by Cabinets to Go. The Parties dispute whether there was consent or an established business relationship to make the two calls that are relevant to this case.

**The facts the Parties <u>agree</u> upon are as follows:**

The Parties agree that the Plaintiff received at least two telephone calls from the Defendant.

**1.3    The legal issues the Parties <u>dispute</u> are as follows:**

- Whether Defendant is subject to personal jurisdiction in Pennsylvania.
- Whether Pennsylvania is an inconvenient forum.
- Whether the TCPA's Section 227(c) requires the receipt of one *violative* call or multiple *violative* calls to trigger the private right of action.
- Whether the Plaintiff established a business relationship or inquiry on the first call Cabinets to Go placed, and, correspondingly, whether the second call violated the TCPA or not, including whether it was sent with a prior express invitation or permission, or as the result of an inquiry.

**The legal issues the Parties <u>agree</u> upon are as follows:**

None.

### 1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

There are no unresolved issues as to service of process. Defendant intends to file a motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue.

### 1.5 Identify any named Parties that have not yet been served:

None.

### 1.6 Identify any additional Parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

### 1.7 Identify any additional claims that:

plaintiff(s) intends to add:

None at this time. Plaintiff reserves all rights.

defendant(s) intends to add:

None at this time.  Defendant reserves all rights.

## 2.0    Disclosures

4

**The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

The Parties have not yet exchanged Rule 26(a)(1) initial disclosures and will do so within the time provided under the Rule, which would be 14 days after the Parties' Rule 26(f) conference.

**2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Kelly Bland | Plaintiff |
| TMobile | Plaintiff's telephone carrier |
| Downstream carriers | Carriers for the calls to Ms. Bland |
| Various Employees of Defendant | Knowledge of calls. |

Disclosed by <u>Defendant</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|

**3.0    Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss/Transfer | Defendant | 11/4/2025 |
| Motion for Class Certification | Plaintiff | *See* § 6.0 |
| Motion for Summary Judgment | Defendant | |

**4.0    Discovery**

**4.1    Briefly describe any discovery that has been completed or is in progress:**

By plaintiff(s):

Plaintiff has served her initial discovery to the Defendant.

By defendant(s):

Defendant has not yet served any initial discovery on the Plaintiff but will do so in a timely manner. Defendant intends to object to the discovery served on Plaintiff.

**4.2    Describe any <u>discovery</u> that all <u>Parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

The Parties disagree on how to conduct discovery, as outlined below.

**4.3    Describe any <u>discovery</u> that one or more Parties want(s) to**

**conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

The Parties do not agree on whether discovery should be bifurcated, such that discovery on Plaintiff's individual claims would precede class discovery.  See Section 6 below. Defendant intends to file a motion to bifurcate discovery in this regard. Defendant believes that bifurcation of the consent issue is most efficient for all parties and this court. Federal Rule of Civil Procedure 42(b) gives the Court broad discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize." *See* Fed. R. Civ. P. 42(b); *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").  Plaintiff intends to oppose said motion and desires to take classwide discovery, including as to the nature of classwide issues and calling conduct. Plaintiff further believes that such bifurcation would be inappropriate because the issues Defendant identifies are all class issues that are not unique to the Plaintiff and further that the Plaintiff's discovery will easily be obtained through records routinely collected in electronic form and analyzed at Plaintiff's expense.

*Plaintiff's Statement*:

        The basis for the Defendant's request to bifurcate is to focus on discovery as it pertains to the Plaintiff's purported consent. However, Defendant fails to articulate why these purportedly "individualized" issues of consent may not be uniformly provable for all class members at the outset of this case. Defendant's bifurcation proposal relies on the fundamentally flawed premise that the questions it identifies, including those of consent, will be more easily answered on an individualized, as opposed to a classwide, basis. They will not. As such, there is no basis to bifurcate because there is no indication that the Defendant's consent, marketing, and telecommunications strategy operated in a materially different way with respect to other class members as opposed to the Plaintiff, such as alleged here. In other words, the individualized merits discovery, and its answers will look at the *same evidence* with respect to Plaintiff and the entire class.

        As such, the questions and evidence surrounding whether the Defendant obtained adequate consent will apply as equally to all other class members as the

Plaintiff. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst."). As another federal court held earlier this year when denying a motion to bifurcate discovery in a TCPA case: "[b]ecause individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

It further bears mentioning that <u>this Court</u> has already ruled on this very issue in a TCPA case on much the same basis. In *Hartley-Culp v. Credit Mgmt. Co.*, this Court observed that "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." No. 3:CV-14-0282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014). And the Eastern District has summarily denied a similar motion sounding in consent which also highlighted the Plaintiff's playing along with the caller to identify who was calling him illegally. *Shelton v. EMPWR Solar, LLC*, No. 2:24-cv-06870-JMY, ECF No. 27 (E.D. Pa. Oct. 20, 2025); *Shelton v. Nat'l Gas & Elec., LLC*, No. CV 17-4063, 2019 WL 1506378, at *4 (E.D. Pa. Apr. 5, 2019) ("The fact that he "play[s] along" with telemarketing scripts to "find out who [they] really are" is not as devious as Defendant suggests. A plaintiff must know the name of the telemarketer that violated the TCPA in order to bring suit against it, and the content of the message can help prove that it was a solicitation.").

Indeed, as another Court in Texas held recently while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA case while providing an overview of relevant case law, noting that bifurcation is often contrary to judicial economy and promotes needless discovery disputes:

As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D.

Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 1120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025).

This Court should hold the same.


*Defendant's Statement:*

Defendant would like to bifurcate discovery on issues relevant to Plaintiff and her individual TCPA claims given the unique circumstances of this TCPA case. Defendant submits that bifurcation is appropriate and in the best interests of the efficient resolution of this case. More specifically, there is a threshold issue here of whether Plaintiff provided consent (or instructed an agent of hers to provide consent) to receive the calls, which would defeat her TCPA claims. Defendant intends to request the same in a motion.

Given the unique circumstances of this TCPA case, Defendant submits that

bifurcation is appropriate and in the best interests of the efficient resolution of this case.  More specifically, given evidence that will be discussed below, there is a threshold issue here of whether Plaintiff provided consent (or instructed an agent of hers to provide consent) to receive the calls, which would defeat her TCPA claims.

A little background on this case is necessary in showing why consent is so critical in this case.  Cabinets to Go received a request for telephone calls to Plaintiff's telephone number based on a submission on its website. Cabinets to Go has TCPA compliant language. Although Plaintiff disputes that *she* is the one that entered the information, this will be the subject of intensive discovery and ESI searches (including on Plaintiff's devices). Plaintiff then received one telephone call. Based on the recording of the initial call with Plaintiff, it is clear that Ms. Bland did not object to exploring a possible purchase of goods and services from Cabinets To Go.  She meaningfully engaged with the caller and expressed interest in scheduling an appointment.  At no time during this call did she inform the caller that she was on the "Do Not Call" registry or that she wanted nothing further to do with Cabinets To Go.  On the contrary, she provided the caller with additional contact information that might reasonably be used to facilitate and arrange future communications that could lead to a purchase. Further, she scheduled an appointment for a Cabinets to Go representative to come to her residence. She then received one additional call to confirm that reservation, at which time she indicated she did not want additional information. Cabinets to Go did not, and has not, contacted her since this point.

This is significant for many reasons.  First, if Plaintiff or someone she knows/at her direction provided relevant contact information, then there is no TCPA case.  Expedited discovery on consent will permit a detailed deposition of Plaintiff and also expedited examination of the relevant forensic devices.  Defendant's counsel may utilize expert witnesses who can conduct the targeted searches to quickly and efficiently determine whether Plaintiff, or someone Plaintiff knew, has been soliciting these calls at addresses with which she currently is or formerly was associated with.

Additionally, even if Plaintiff denies that she agreed to further callbacks, a jury may have to weigh this against the IP address information and what Defendant anticipates a forensic examination of her or her acquaintances' electronic devices

will show.  That would make her an atypical Plaintiff and will preclude class certification.

Further, explanation of the first call, and ultimately a dispositive motion, will be appropriate. Defendant anticipates that the court, upon hearing the recording of the first call, will find no genuine issue of material fact that there was consent for further contact or, at the very least, an established business relationship under the TCPA. Additionally, Defendant anticipates that there will not be a genuine issue of material dispute that the second call was not a telephone solicitation given that it was made to *confirm* an already-scheduled reservation. Numerous case citations will be available to support this.

Given the unique factual circumstances involved, bifurcation of the consent issue is most efficient for all parties and this court. Federal Rule of Civil Procedure 42(b) gives the Court broad discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize."  Under Rule 42(b), courts have the "power to limit discovery to the segregated issues ... Pursuant to Rule 42(b), "bifurcation is *appropriate* where litigation of one issue ... may eliminate the need to litigate a second issue." *Stemrich v. Zabiyaka*, 1:12-CV-1409, 2014 WL 931069, at *2 (M.D. Pa. Mar. 10, 2014) (quoting *In re Bayside Prison Litig*., 157 F. App'x 545, 547–48 (3d Cir. 2005); *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation."). "The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis." *Stemrich*, 2014 WL 931069,  at *1.

In TCPA actions, bifurcation may be appropriate "where the resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary." *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (internal quotations omitted); *Marshall v. Grubhub Inc.*, No. 19 C 3718, 2022 WL 1055484, at *3 (N.D. Ill. Apr. 5, 2022); *see also Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021) (granting motion to bifurcate discovery

in TCPA action and concluding that "whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation)"); *Leschinsky v. Inter-Continental Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received).

Courts have routinely bifurcated discovery in TCPA actions. *See Johansen v. Efinancial LLC*, No. 2:20-CV-01351, ECF No. 21 (W.D. Wash. June 11, 2021) ("The Court agrees that limiting discovery initially to Plaintiff's individual claims is the more efficient and cost-effective means of proceeding as fees and costs associated with burdensome class discovery will be avoided if Plaintiff's claims fail."); *Kinzer v. LifeAid Beverage Co.*, No. 21-CV-05589, ECF No. 26 (N.D. Cal. 2021) (permitting discovery solely on individual claims); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) ("[I]n the circumstances presented here, where some limited, first-stage production could stave off substantial wasted efforts, the Court believes bifurcation is appropriate."). For example, *Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2019 WL 957129 (D. Mass. Feb. 27, 2019), is similarly a TCPA action. The defendant there argued that it had identified weaknesses in the plaintiffs' claims and that, after minimal discovery, the defendant would be able to show that the plaintiffs lacked viable TCPA claims. *Id.* at *1. Over objection, the defendant asked for bifurcation of discovery so that summary judgment motions on individual issues could be heard before costly class discovery. *Id.* The court approved of bifurcated discovery, finding that:

> Here, the need for class discovery may be eliminated if [Defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims. *See Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved."). Further, class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, whether the named Plaintiffs are within the

13

classes they purport to represent, and whether any named Plaintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim.

*Id*. (citation omitted).

Notably*,* courts throughout the country recognize that TCPA actions can be especially amenable to discovery testing the merits of plaintiffs' allegations before engaging in costly class discovery.  *See, e.g.*, *Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-cv-1470-T-30-MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (ordering bifurcated individual discovery and then summary judgment briefing schedule because "Defendants have presented evidence suggesting that [Plaintiff's] TCPA claims are without merit as a matter of law."); *Loreaux v. ACB Receivables Mgmt., Inc.*, No. CIV. A. 14-710 MAS, 2015 WL 5032052, at *4 (D. N.J. Aug. 25, 2015) (bifurcating discovery in a TCPA case and holding "[f]urther, the Court finds that there will be no significant overlap between the two and therefore no real danger of a duplication of efforts or corresponding increase in litigation costs.  Moreover, the Court finds that bifurcating the two issues has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.").

    **4.4**    **Identify any <u>subject area limitations on discovery</u> that one or more Parties would like imposed, at the first stage of or throughout the litigation:**

See above and section 6 below with respect to bifurcated discovery.

    **4.5**    **For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the Parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s): <u>10</u>     defendant(s): <u>10</u>

4.5.2 interrogatories to be served by:

   plaintiff(s): <u>25</u>    defendant(s): <u>25</u>

4.5.3  document production requests to be served by:

   plaintiff(s):<u>50</u>    defendant(s): <u>50</u>

4.5.4  requests for admission to be served by:

   plaintiff(s):<u>75</u>    defendant(s): <u>75</u>

**4.6  Discovery of Electronically Stored Information**

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.0 Protective Order

**5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

The Parties anticipate that a standard Rule 26(c) protective order governing the confidentiality of documents and information produced in discovery in this case may be necessary. The Parties intend to confer in good faith about such an order in due course, and will submit it for the Court's consideration.

**5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

See Section 6 below with respect to bifurcation.

## 6.0    Scheduling

The Parties propose the following schedule, depending on whether the case is bifurcated or not.

*Plaintiff's Scheduling Proposal:*

Plaintiff proposes the following dates:

6.1    Final date for joining additional Parties:

3/23/2026

6.2    Final date for amending pleadings:

3/23/2026

6.3    All fact discovery commenced in time to be completed by: 7/1/2026

6.4    All potentially dispositive motions should be filed by 10/1/2026

6.5    Reports from retained experts due:

from plaintiff(s) by 7/29/2026

from defendant(s) by 9/2/2026

6.6    Supplementations due 9/16/2026

6.7    All expert discovery commenced in time to be completed by 9/16/2026

6.8    This case may be appropriate for trial in approximately:

540 Days from the filing of the action in this court

16

6.9    Suggested Date for the final Pretrial Conference:

February 2027 (month/year)

6.10    Trial

6.10.1 Suggested Date for Trial:

March 2027 (month/year)

*Case Schedule if Discovery is Bifurcated:*

6.3    Bifurcated individual fact discovery to be completed by: 2/28/2026

6.4    All potentially dispositive motions: 5/29/2026

6.5     Expert reports from plaintiff(s): 3/27/2026

6.5     Expert reports from defendant(s): 4/30/2026

6.6    Supplementations due: 5/15/2026

6.7    Expert discovery completed by: 5/15/2026


**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Kelly Bland c/o Andrew Roman Perrong, Esq.
Plaintiff
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

Defendant Cabinets To Go, LLC

17

Corporate Representative
V. Brandon McGrath, General Counsel
c/o Mark A. Silver, Esq.
Dentons U.S., LLP
1301 Peachtree St, N.E. Suite 2600
Atlanta, Georgia 30309
(404) 688-5500

## 8.0 Alternative Dispute Resolution ("ADR")

    **8.1    Identify any ADR procedure to which this case already has been assigned or which the Parties have agreed to use.**

        ADR procedure Private

        Date ADR to be commenced 6/3/2026
        Date ADR to be completed 10/15/2026

    **8.2    If the Parties have been unable to agree on an ADR procedure, but one or more Parties believe that the case is appropriate for such a procedure, identify the party or Parties that recommend ADR and the specific ADR process recommended:**

        **N/A**

    **8.3    If all Parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

        **N/A**

## 9.0    Consent to Jurisdiction by a Magistrate Judge

    **Indicate whether all Parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All Parties agree to jurisdiction by a magistrate judge of this court: No.

If Parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton/Wilkes-Barre
___ Harrisburg
____Williamsport

## **10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

## **11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated:          10/30/2025 Andrew Roman Perrong
                         Attorney(s) for Plaintiff(s)
                  X      ECF User(s)
                   Waiver requested (as separate document)
                   Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:          10/31/2025  Robert M. Linn
                         Attorneys(s) for Defendant(s)
                  X      ECF User(s)

19

Waiver requested (as separate document)
Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

Dated: November 3, 2025        Respectfully submitted,

*/s/ Andrew Roman Perrong*
ANDREW ROMAN PERRONG
(PA Bar # 333687)
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Fax: 888-329-0305
a@perronglaw.com

*Counsel for Plaintiff*

By: */s/ Robert M. Linn*
Robert M. Linn
Pa. I.D. No. 44777
Jonathan P. Sion
Pa. I.D. No. 334062
DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
Ph: (412) 297-4900
Fax: (412) 209-1975
Email: robert.linn@dentons.com
       jon.sion@dentons.com

*Counsel for Defendant,*
*Cabinets To Go, LLC*

21

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: November 3, 2025              */s/ Andrew Roman Perrong*