## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | ) ) ) | CIVIL ACTION NO. 1:25-CV-1775 |
| | ) | (Judge Neary) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CABINETS TO GO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................1

II.   FACTUAL BACKGROUND.........................................................3

III.  LEGAL ARGUMENT...................................................................4

    A.    This Court Lacks Personal Jurisdiction Over the Defendant...............4

    B.    In The Alternative, This Action Should Be Transferred to the
        Northern District of Texas for the Convenience of the Parties
        And Witnesses and in the Interests of Justice ...................................11

        1.    The Private Interest Factors Weigh in Favor of Transfer .........13

        2.    The Public Interest Factors Weigh in Favor of Transfer ..........15

IV.  CONCLUSION...........................................................................18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Cameron v. Thornburgh*,
  983 F.2d 253 (D.C. Cir. 1993)............................................................2

*Carteret Savings Bank, F.A. v. Shushan*,
  954 F.2d 141 (3d Cir. 1992)..............................................................9

*Crayola, LLC v. Buckley*,
  179 F. Supp. 3d 473 (E.D. Pa. 2016) ...............................................17

*Fitzhenry v. Guardian Protection Servs., Inc.*,
  NO. 16-1253, 2016 WL 6652760 (W.D. Pa. Nov. 9, 2016)................13

*Gen. Electric Co. v. Deutz AG*,
  270 F.3d 144 (3d Cir. 2001)..............................................................11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984)..........................................................................11

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)............................................................... 4, 5, 6

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)................................................................12

*Kehm Oil Co. v. Texaco, Inc.*,
  537 F.3d 290 (3d Cir. 2008)..............................................................11

*Kershner v. Komatsu Ltd.*,
  305 F. Supp. 3d 605 (E.D. Pa. 2018) ......................................... 15, 17

*Leonettl's Frozen Foods, Inc. v. Crew, Inc.*,
  140 F. Supp. 3d 388 (E.D. Pa. 2015) ...............................................15

*Leroy v. Great Western United Corp.*,
  443 U.S. 173 (1979)..........................................................................2

*Lionti v. Dipna, Inc.*,
  Civ. No. 17-1678, 2017 WL 2779576 (E.D. Pa. June 27, 2017)........10

*Mallory v. Norfolk Southern Railway Co.*,
  600 U.S. 122 (2023)............................................................ 5, 6, 7, 8

*Marten v. Godwin*,
  499 F.3d 290 (3d Cir. 2007)..............................................................11

*Mellon Bank (East) PSFS, N.A. v. Farino*,
  960 F.2d 1217 (3d Cir. 1992)............................................................9

*Phoenix Ins. Co. Ltd. v. Teva Pharm. Industries Ltd.*,
  381 F. Supp. 3d 416 (E.D. Pa. 2019) ...............................................13

*Pike v. Bruce Church, Inc.,*
   397 U.S. 137 (1970)......................................................................................8
*Simpson v. J.G. Wentworth Co.,*
   CV 22-2911-KSM, 2023 WL 349251 (E.D. Pa. Jan. 19, 2023).........................14
*Stewart v. First Student, Inc.,*
   CV 20-2556, 2022 WL 16731231 (E.D. Pa. Nov. 7, 2022) ...............................16
*Time Share Vacation Club v. Atl. Resorts, Ltd.,*
   735 F.2d 61 (3d Cir. 1984)..........................................................................10
*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)......................................................................................5

**Statutes**

28 U.S.C. § 1404.............................................................................................11
28 U.S.C. § 1404(a) .............................................................................. 1, 2, 3, 11
42 Pa. C.S. §5301............................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(2)......................................................................................1
Fed.R.Civ.P. 12(b) .........................................................................................11

**Other Authorities**

Abigail Nilsson, *Railroading Interstate Corporations: Personal Jurisdiction and*
   *Dormant Commerce After Mallory v. Norfolk Southern Railway Co,*
   108 Marquette Law Review 2, Article 8, Winter (2024)......................................9

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR
TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS**

Defendant Cabinets to Go, LLC ("Cabinets to Go") files this Brief and accompanying exhibits in support of its Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) or, in the Alternative, to Transfer to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), and in support thereof, states the following.

## I.    INTRODUCTION

This case should be dismissed for lack of personal jurisdiction.  To constitutionally assert personal jurisdiction over a defendant, the plaintiff must establish a nexus between the defendant, the forum and the subject matter of the litigation such that maintaining the suit does not offend traditional notions of fair play and substantial justice.  Here, the Plaintiff, Kelly Bland (nee Pinn), is a serial Telephone Consumer Protection Act ("TCPA") plaintiff who has brought 35 such lawsuits in various federal courts across the nation.  For reasons unclear based on the underlying facts, Plaintiff has elected to bring this case in this Court despite Plaintiff's sole basis for personal jurisdiction being the business address of Plaintiff's counsel and a Pennsylvania statute requiring corporations that register to conduct business in the state to submit to Pennsylvania courts' jurisdiction.  *See* 42 Pa. C.S. §5301.  These circumstances are insufficient to confer personal jurisdiction under the U.S. Constitution.

Alternatively, Cabinets To Go respectfully requests that this Court transfer this action on *forum non conveniens* grounds to the Northern District of Texas under 28 U.S.C. §1404(a). Transfer is warranted here based upon the traditional public and private interest factors, which overwhelmingly show that the Northern District of Texas has considerably more contacts with the Parties and relevant issues in play than the Middle District of Pennsylvania.

In any event, the Court need not definitively resolve personal jurisdiction to transfer this case on venue grounds. The U.S. Supreme Court has recognized a "sound prudential justification" for addressing venue first, and courts have accordingly transferred actions without reaching personal jurisdiction where venue considerations provide a straightforward path to resolution. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). In *Leroy*, the Court explained that "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue" and that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue" and decide the question of personal jurisdiction first. *Id*. (internal citations omitted); *see also Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) (transferring a claim to a proper venue without deciding personal jurisdiction because doing so was in the "interest of justice").

2

Consistent with that sequencing, if the Court declines to dismiss, it should transfer this action to the Northern District of Texas under § 1404(a), which is the far more appropriate forum given the locus of operative facts, the convenience of witnesses and the public-interest factors favoring adjudication there. Deciding that venue lies in Texas also eliminates the personal-jurisdiction issue because Defendant does not challenge jurisdiction in the Northern District of Texas.

## II.    FACTUAL BACKGROUND

Kelly Bland is an individual who resides in Texas. Plaintiff's Complaint, ¶ 4 (ECF No. 1). Over the last four years, Ms. Bland has brought 35 different lawsuits in various federal district courts located across the nation and no fewer than 25 such lawsuits in her home state of Texas. Her attorney, Andrew Perrong, has represented her in several of those lawsuits, including nine brought in Texas.[1]

Defendant Cabinets To Go is a Florida limited liability company headquartered in Franklin Tennessee. Declaration of Mike Wilson in Support of Motion to Dismiss or Transfer Venue, ¶ 3-4. Cabinets To Go is a specialty retail chain that sells and installs a variety of kitchen and bathroom cabinetry, countertops and flooring, along with other home accessories like vanities, sinks, and faucets. Aff. ¶ 5. Defendant operates 106 showrooms across the United States

---

[1]    The foregoing data regarding TCPA cases brought by Kelly Bland were obtained through a search of publicly-available case filings on PACER.

and just three showrooms are in Pennsylvania.  None of the Pennsylvania showrooms are in Harrisburg or the greater central Pennsylvania area.  Aff. ¶. 6.

In her Complaint, Plaintiff claims that she has access to a caller ID database that enables her (or her attorney) to identify where the various calls at issue originated from.  Compl. ¶ 36.  Plaintiff then identifies approximately 20 calls, by caller ID name through a system she calls CNAM, that she contends are the factual basis for the legal claims in her complaint.  *Id.*  Based on her allegations, none of those calls originated in Pennsylvania, nor does Plaintiff allege that she received any such calls while visiting the state.  Plaintiff's Complaint alleges no other facts linking the claims at issue – or Defendant's alleged actions – to the state of Pennsylvania.

### III.   LEGAL ARGUMENT

### A.   THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT.

This Court should dismiss Plaintiff's Complaint in its entirety because the Court lacks personal jurisdiction over the Defendant.  To satisfy constitutional due process, the Defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citations and internal marks omitted).  Pennsylvania's consent-to-jurisdiction statute violates the dormant Commerce Clause because "[a] State's assertion of

4

jurisdiction over lawsuits with no real connection to the State may violate

fundamental principles that are protected by one or more constitutional provisions

or by the very structure of the federal system the Constitution created." *Mallory v.*

*Norfolk Southern Railway Co*., 600 U.S. 122, 150 (2023) (Alito, J., dissenting).  To

allow personal jurisdiction here where neither party is a resident of Pennsylvania—

Plaintiff is a resident of Texas and Defendant is headquartered in Tennessee and

incorporated in Florida—and none of the allegedly wrongful phone calls have any

nexus to Pennsylvania, is contrary to the fundamental principles of the U.S.

Constitution's dormant Commerce Clause.

### *Legal Standard*

The Due Process Clause "does not contemplate that a state may make

binding a judgment *in personam* against an individual or corporate defendant with

which the state has no contacts, ties, or relations."  *Int'l Shoe Co. v. Washington*,

326 U.S. 310, 319 (1945) (citations omitted).  Through those fundamental

protections, the Constitution "gives a degree of predictability to the legal system

that allows potential defendants to structure their primary conduct with some

minimum assurance as to where that conduct will and will not render them liable to

suit."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  The

Defendant must have "certain minimum contacts with [the forum] such that the

maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316 (citations and internal marks omitted).

In *Mallory*, the Supreme Court, in a 5-4 ruling, upheld Pennsylvania's statute requiring out-of-state corporations who register to do business in the State to also submit to the jurisdiction of Pennsylvania courts. *Mallory*, 600 U.S. at 139. However, the Court's decision was decided solely under the Constitution's Due Process Clause and did not discuss the interplay of Pennsylvania's registration statute through the lens of the dormant Commerce Clause. *Id*. at 150 (Alito, J., dissenting). When analyzed under the dormant Commerce Clause, Pennsylvania's statute cannot survive Constitutional muster.

In Justice Alito's dissent in Mallory, he succinctly explained why Pennsylvania's statute cannot stand under the dormant Commerce Clause:

> I am not convinced that the Constitution permits a State to impose such a submission-to-jurisdiction requirement. A State's assertion of jurisdiction over lawsuits with no real connection to the State may violate fundamental principles that are protected by one or more constitutional provisions or by the very structure of the federal system that the Constitution created. At this point in the development of our constitutional case law, the most appropriate home for these principles is the so-called dormant Commerce Clause.

*Id*. at 150. The Court has "long recognized that the Constitution restricts a State's power to reach out and regulate conduct that has little if any connection with the State's legitimate interests" and that "[t]his principle, an 'obviou[s] and 'necessary result' of our constitutional order, is not confined to any one clause or section, but

is expressed in the very nature of the federal system that the Constitution created and in numerous provisions that bear on States' interactions with one another." *Id.* at 154. In essence, the dormant Commerce Clause "recognizes that 'one State's power to impose burdens on ... interstate market[s] ... is not only subordinate to the federal power over interstate commerce, but is also constrained by the need to respect the interests of other States'" and accordingly the clause "prohibits [any] state laws that unduly restrict interstate commerce. *Id.* at 157–58 (citation omitted). This doctrine "remains a vital constraint on States' power over out-of-state corporations." *Id.* at 160.

> Against that backdrop, Justice Alito explained:
>
> In my view, there is a good prospect that Pennsylvania's assertion of jurisdiction here – over an out-of-state company in a suit brought by an out-of-state plaintiff on claims wholly unrelated to Pennsylvania – violates the Commerce Clause. Under our modern framework, a state law may offend the Commerce Clause's negative restrictions in two circumstances: when the law discriminates against interstate commerce or when it imposes ''undue burdens' on interstate commerce.

*Id.* at 160. (emphasis added). Justice Alito concluded that Pennsylvania's "registration-based jurisdiction law discriminates against out-of-state companies" and, "at the very least, the law imposes a 'significant burden' on interstate commerce by '[r]equiring a foreign corporation … to defend itself with reference to all transactions, including those with no forum connection." *Id.* at 161. Even more so than the "operational burdens" Justice Alito noted that "Pennsylvania's

scheme injects intolerable unpredictability into doing business across state borders" in violation of the dormant Commerce Clause. *Id*. at 161.

To survive Constitutional scrutiny," the law must advance a 'legitimate local public interest' and the burdens must not be 'clearly excessive in relation to the putative local benefits.'" *Id*. at 162. Specifically with regard to Pennsylvania's registration statute, Justice Alito concluded that there is no "legitimate local interest that is advanced by requiring an out-of-state company to defend a suit brought by an out-of-state plaintiff on claims wholly unconnected to the forum State." *Id*. at *162*. Where no legitimate local interest is served, there is nothing to be weighed to sustain the law. *Id*. at 163.

Commentators have been equally skeptical of the majority's ruling, finding that when subjected to any balancing test measuring the relative benefits to Pennsylvania versus the costs imposed on out-of-state businesses, Pennsylvania's consent-to-jurisdiction statute flunks the balancing test enunciated in the U.S. Supreme Court's *Pike* decision. *See Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142 (1970). One commentator summarized the appropriate analysis as follows:

> Put simply, the Pennsylvania statute imposes substantial costs on out-of-state companies wishing to conduct business within its borders. To legally conduct business in the state, a corporation must be willing to be haled into Pennsylvania's courts. But most significantly, as Justice Alito points out, Pennsylvania receives no discernible benefit from opening its courts for out-of-state plaintiffs for out-of-state losses against out-of-state defendants. Furthermore, the costs imposed on out-of-state businesses would be classified as economic costs, even if

8

they are not directly commercial in nature. Therefore, in the absence
of any benefit for Pennsylvania in maintaining this law, the statute
should not pass muster under any Pike balancing, regardless of which
part of the Court's formulation of the test is applied.

*See* Abigail Nilsson, *Railroading Interstate Corporations: Personal Jurisdiction
and Dormant Commerce After Mallory v. Norfolk Southern Railway Co,* 108
Marquette Law Review 2, Article 8, Winter (2024).

Here, the facts of this case are similar to those of *Mallory*. Plaintiff Bland is
an out-of-state plaintiff, and Defendant Cabinets To Go is an out-of-state
defendant. None of the allegedly actionable conduct took place in Pennsylvania.
Under the dormant Commerce Clause (as interpreted by Justice Alito), there is no
discernible benefit to Pennsylvania to opening up its courts to lawsuits – such as
this one – involving parties from outside the state who are litigating matters that
have no nexus whatsoever to the state. Moreover, the costs to the defendant of
being haled into court in a distant forum where the business that it conducts is
minimal are substantial.

In evaluating personal jurisdiction, the Court employs a burden-shifting
analysis where "the burden falls upon the plaintiff to come forward with sufficient
facts to establish that jurisdiction is proper." *Mellon Bank (East) PSFS, N.A. v.
Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citation omitted). In that respect, "the
plaintiff bears the burden to prove, by a preponderance of the evidence, facts
sufficient to establish personal jurisdiction." *Carteret Savings Bank, F.A. v.*

*Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citations omitted).  The plaintiff "may not rely on [its] bare pleadings" and must instead counter defendant's affidavits with contrary evidence.  *Lionti v. Dipna, Inc.*, Civ. No. 17-1678, 2017 WL 2779576, at *1 (E.D. Pa. June 27, 2017) (internal marks omitted) (*quoting Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984).)  In other words, the plaintiff "must respond to the defendant's motion with 'actual proofs'; 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'"  *Id.*

In this action, Plaintiff cannot point to a single fact that links the parties or the issues in dispute to this forum other than the fact that her attorney resides in Pennsylvania.  Under the dormant Commerce Clause, Cabinets To Go should not be subject to general personal jurisdiction in a distant and inconvenient forum such as Pennsylvania without Plaintiff coming forward with substantially more factual and legal support for her position.  As explained at length by Justice Alito in *Mallory*, plaintiffs such as Ms. Bland must advance a "legitimate local public interest" that warrants a finding of general personal jurisdiction in order to proceed in a distant forum with which Defendant has such limited contacts.  Plaintiff would be hard-pressed to do so here, and her challenge is made all the more difficult by her need to show that the burdens on Defendant are not "clearly excessive in

relation to the putative local benefits." When viewed under either lens, Plaintiff fails the test under the dormant Commerce Clause.

Federal courts recognize two types of personal jurisdiction: "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal citations omitted) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8-9 (1984)); *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008) (same). In each instance, "[a] nexus between the defendant, the forum and the litigation is the essential foundation of *in personam* jurisdiction." *Gen. Electric Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). As discussed herein, neither type of personal jurisdiction exists here. Accordingly, dismissal for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2) is warranted.

**B.    IN THE ALTERNATIVE, THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTERESTS OF JUSTICE.**

Venue transfer in civil actions is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. This Court has "broad

discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). It is the moving party's burden to establish the need for a transfer. *Id.* at 879.

While there is no "definitive formula or list of the factors to consider," the Third Circuit has listed certain private and public interest factors for courts to consider when determining the propriety of transfer. *Jumara*, 55 F.3d at 879. The private interest factors include: (1) the plaintiff's original choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as dictated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the forums; and (6) the location of books and records, but only to the extent that the files could not be produced in the alternative forum. *Id.* The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that may make the trial easy, expeditious, or inexpensive (judicial economy); (3) the relative administrative difficulty in the two forums resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of each forum; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

### 1.    THE PRIVATE INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER.

The private interest factors weigh in favor of transferring the action to Texas, where the Plaintiff is domiciled. The first private interest factor – the plaintiff's choice of forum – weighs against transfer. However, while a plaintiff's choice of venue is given weight, the plaintiff's choice of forum is not dispositive. *Phoenix Ins. Co. Ltd. v. Teva Pharm. Industries Ltd.*, 381 F. Supp. 3d 416, 423 (E.D. Pa. 2019).

The second private interest factor – the defendant's forum preference – weighs heavily in favor of transfer. A defendant's "preference to litigate substantially similar claims in the same district [is] entirely reasonable." *Id.* Here, Defendant prefers to litigate the parties' dispute in Texas, because that forum has the most substantial contacts to the matters in dispute.  Its preference to litigate the claims that Ms. Bland sets forth in this action in Texas is reasonable and weighs in favor of transfer.

The third private interest factor – whether the claim arose elsewhere – favors transfer.  The Plaintiff is a resident of Texas, while the Defendant is a resident of Tennessee (where it is headquartered) and Florida (where it is incorporated). Under applicable law, a TCPA claim arises in the state where the allegedly actionable telephone calls were received.  *See Fitzhenry v. Guardian Protection Servs., Inc.*, NO. 16-1253, 2016 WL 6652760, at *1 (W.D. Pa. Nov. 9,

13

2016) ("District courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received."); *see also Simpson v. J.G. Wentworth Co.*, CV 22-2911-KSM, 2023 WL 349251, at *2 (E.D. Pa. Jan. 19, 2023). Plaintiff alleges that she is a resident of Texas, but does not identify where she was physically located at the time she allegedly received the calls. *See* Compl. ¶ 4. However, as a resident of Texas, Plaintiff presumably received most, if not all, of the calls in her home state of Texas. In any event, none of the calls were made from Pennsylvania, nor do any of the Parties reside in Pennsylvania. Further, Plaintiff brings a claim *based on Texas* law, which favors transfer. Accordingly, because the calls were presumably received in Texas and because it is indisputable that Ms. Bland's claims have no connection to the Commonwealth of Pennsylvania, this factor favors transfer.

The fourth private interest factor – the convenience of the parties – weighs in favor of transfer. If this Court determines that transfer is improper, Plaintiff will still have to travel from Texas to Pennsylvania, and Defendant will have to travel from Florida and Tennessee to Pennsylvania. If this Court determines that transfer is proper, Plaintiff will not be required to travel, and Defendant will only travel from Tennessee or Florida to Texas. *See Simpson*, 2023 WL 349251, at *6. (explaining that this factor weighs in favor of transfer when plaintiff is domiciled

in district and because defendant, as national corporation, can "more easily afford the cost of litigating away from home"). Accordingly, this factor favors transfer.

The fifth private interest factor – the convenience of witnesses – weighs in favor of transfer. Plaintiff is a resident of Texas, which means it would be more convenient for the Plaintiff and any witnesses relevant to her claims (e.g., relatives who may have witnessed the alleged damages she suffered from the calls) to testify in Texas over Pennsylvania.

The sixth private interest factor – the location of books and records – is neutral. "The location of books and records, particularly in this electronic age, is not dispositive as the records can be produced and transferred with ease from either venue." *Leonettl's Frozen Foods, Inc. v. Crew, Inc.*, 140 F. Supp. 3d 388, 394 (E.D. Pa. 2015).

As a whole, the private interest factors in this action favor transfer to the Northern District of Texas because four factors weigh in favor of transfer, one is neutral, and only one weighs against transfer.

### 2. THE PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER.

The first public interest factor – enforceability of the judgment – is neutral. Another court found that this factor was neutral when "[a] judgment entered in either district [was] readily enforceable against either party." *Kershner v. Komatsu*

*Ltd.*, 305 F. Supp. 3d 605, 611 (E.D. Pa. 2018).  There is no indication that a judgment would be less enforceable in the Northern District of Texas.

The second public interest factor – practical considerations – favors transfer. This factor requires consideration of judicial economy to prevent wastefulness of time, energy, and money that can occur from duplicative litigation.  *Stewart v. First Student, Inc.*, CV 20-2556, 2022 WL 16731231, at *4 (E.D. Pa. Nov. 7, 2022).  Here, judicial economy would be promoted by transferring this action. Where none of the individual telephone calls underlying Plaintiff's claims have any connection to the Commonwealth of Pennsylvania, practical considerations favor transfer.

The third public interest factor – court congestion – does not favor transfer. As of March 31, 2025, the Northern District of Texas had 4,200 total cases pending, including 3,541 private cases pending.[2]  In contrast, as of that same date, the Middle District of Pennsylvania had 2,407 total cases pending, including 1,894 private cases. The Northern District of Texas has more total cases pending, and thus, this factor likely weighs against transfer.

---

[2]    Data taken from *Table C-1—U.S. District Courts–Civil Federal Judicial Caseload Statistics* (Mrach 31, 2025) available at https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2022/03/31 (last visited on October 28, 2025).

The fourth public interest factor – local interest in deciding local controversies at home – heavily favors transfer. Texas has a greater interest than Pennsylvania in resolving TCPA cases brought by a Plaintiff residing there, particularly when neither the Parties nor the claims have any connection to Pennsylvania. *See Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 480 (E.D. Pa. 2016). The Northern District of Texas thus has a greater interest in the outcome of the case and this factor accordingly favors transfer.

The fifth public interest factor – the public policies of each forum – is neutral. This factor is neutral when "neither forum appears to have a local policy that is particularly implicated" by the case. *Kershner*, 305 F. Supp. 3d at 611. This is the situation here. There is no indication that the Middle District of Pennsylvania has different policy considerations than the Northern District of Texas.

The sixth public interest factor – the familiarity of the trial judge with the applicable state law in diversity cases – favors transfer. While the Middle District of Pennsylvania and the Northern District of Texas are equally familiar with the federal TCPA statute, a Texas Court would be far more familiar with Plaintiff's pendant Texas statutory claim than a Pennsylvania court. Further, a Texas court has an interest in deciding a Texas statutory claim, particularly when the statute was recently enacted. Thus, this factor weighs in favor of transfer.

17

The public interest factors favor transfer because three factors weigh in favor of transfer, two factors are neutral, and only one factor weighs against transfer.

## IV.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants respectfully submit that this action should either be dismissed for lack of personal jurisdiction or be transferred to the Northern District of Texas.

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

By: */s/ Robert M. Linn*
    Robert M. Linn
    Pa. I.D. No. 44777
    Jonathan P. Sion
    Pa. I.D. No. 334062

625 Liberty Avenue
Pittsburgh, PA 15222-3152
Ph: (412) 297-4900
Fax: (412) 209-1975
Email: *robert.linn@dentons.com*
     *jon.sion@dentons.com*

Charles E. Dorkey, III
(*Pro Hac Vice Pending*)
Dentons US, LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Ph: (212) 768-5320
Fax: (212) 768-6800
Email: *charles.dorkey@dentons.com*

Dated: November 4, 2025
#5411054

*Counsel for Defendant,*
*Cabinets To Go, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that pursuant to Local Rule 7.8(b)(2), we have conducted an electronic word search and have determined that Defendant's brief contains 4,718 words, and is thus within the applicable limitations.

*/s/      Robert M. Linn*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2025, the foregoing Brief in Support of Defendant's Motion to Dismiss or Transfer Venue to the Northern District of Texas was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/      *Robert M. Linn*