2003 WL 21295001
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

YORK PAPER COMPANY, Plaintiff,

v.

HOLLINGER INTERNATIONAL, INC.
and Chicago Sun–Times, Inc., Defendants.

No. Civ.A. 03–CV–687.
|
April 22, 2003.

*MEMORANDUM AND ORDER*

KELLY, J.

**\*1** Presently before the Court is a Motion to Transfer filed by Defendants Hollinger International, Inc. ("Hollinger") and the Chicago Sun–Times, Inc. (the "Sun–Times") (collectively, the "Defendants") and Hollinger's separate Motion to Dismiss the breach of contract suit filed by Plaintiff York Paper Company ("York"). Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, on January 31, 2003, York filed suit in this Court alleging claims of breach of contract, promissory estoppel and unjust enrichment for Defendants alleged failure to pay the full amount for the newsprint paper they received in violation of the Agreement for the Purchase of Newsprint (the "Agreement") entered into by the parties. Defendants now move this Court for transfer to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), alleging that most of the evidence and witnesses relevant to York's suit are located in Chicago, Illinois, and that litigating this suit in the Northern District of Illinois would satisfy the dual goals of convenience and justice that warrant transfer. Additionally, Hollinger contends separately that since it is not a party to the Agreement, this Court should dismiss all of York's claims against it. For the following reasons, the Defendants' Motion to Transfer and Hollinger's Motion to Dismiss are DENIED.

I. *BACKGROUND*

Defendants are both businesses incorporated in Delaware, with each of their principal places of business in Chicago, Illinois. On September 19, 2002, York, a Pennsylvania corporation, entered into the Agreement to supply newsprint paper to the Sun–Times. The Agreement was signed by York CEO Scott H. Korn and J.D. Ferguson ("Ferguson"), the Vice President of Hollinger, and specifically indicated that Ferguson, as Vice President of Hollinger, signed the Agreement "for The Chicago Sun Times." (York Compl., Ex. A.) The Agreement specified that the Sun–Times would receive 8,703,052 pounds of Kondopoga-standard newsprint paper for a price of $506.96 per metric ton. (York Compl., Ex. A.)

From September 2002 through November 2002, York delivered the newsprint paper to Defendants, who allegedly accepted each shipment from York, but failed to remit full payment. After York's demands for full payment were not met, it filed suit in this Court seeking to collect from Defendants the remaining balance of $820,131.45 plus interest and attorneys' fees.

II. *DISCUSSION*

A. Defendants' Motion to Transfer

In the interests of convenience and justice, Defendants contend that the parties should litigate York's suit in the Northern District of Illinois, where the evidence and individuals with knowledge of the Agreement are located. York argues that Defendants do not satisfy the heavy burden of demonstrating that transfer is proper, and allege that both practical and public interest concerns weigh in favor of maintaining its suit in this Court. Pursuant to 28 U.S.C. § 1404(a), a district court may, in the interest of justice, "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26 (1960). The party moving for transfer bears the heavy burden of demonstrating that transfer is proper since the plaintiff's choice of forum is entitled to great weight and will rarely be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely

be disturbed."); *Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3d Cir.1995); *Khaalig v. Pennsylvania State Univ.,* No. Civ. A. 02–CV–480, 2002 U.S. Dist. LEXIS 9251, at *4 (E.D.Pa. May 23, 2002). Thus, a court must engage in a careful fact-specific inquiry that considers whether the litigation in the plaintiff's proposed forum would be more convenient to the parties and best serve the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). To determine whether transfer is proper, courts balance both public and private factors, including:

**\*2** 1. the relative ease of access to sources of proof;

2. the availability of compulsory process for attendance of unwilling witnesses;

3. the cost of obtaining attendance of willing witnesses;

4. the possibility of viewing premises, if applicable;

5. all other practical problems that make trial of a case easy, expeditious and inexpensive; and

6. public interest factors, including the relative congestion of court dockets, choice of law considerations and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Extraordinary Properties, Inc. v. Nationwide Mutual Insurance Co .,* No. Civ. A. 99–4305, 2000 U.S. Dist. LEXIS 564, at *5–6 (E.D.Pa. Jan. 24, 2000). Although the plaintiff's choice of venue is a paramount consideration, his choice is provided substantially less weight if he selects a forum which is neither his home nor the location of the occurrence upon which the suit is based. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 (1981); *National Paintball Supply, Inc. v. Cossio,* 996 F. Supp 459, 462 (E.D.Pa.1998).

Since this district is the plaintiff's home, there is a strong presumption in favor of York's proposed forum. Thus, Defendants bear the heavy burden of establishing that York's choice of forum is both inconvenient and unfair. Defendants provide five reasons to support their motion to transfer: (1) the newsprint paper is located in Chicago, Illinois; (2) the individual responsible for negotiating the Agreement terms for the Sun–Times is located in the Northern District of Illinois; (3) the Sun–Times employees with knowledge of the quality of newsprint paper that York delivered reside in the Northern District of Illinois; (4) a substantial portion of the events giving rise to York's claim occurred in the Northern District of Illinois; and (5) Pennsylvania, for practical reasons, is an inconvenient forum for Defendants to litigate this suit. Weighing the private and public factors, as applied to the instant case, we conclude that Defendants' reasons do not weigh in favor of transfer as they fail to satisfy the heavy burden of demonstrating that the Northern District of Illinois is more convenient than this district and in the interest of justice.

Although the newsprint paper at issue is located in Chicago, Illinois, we do not agree that it would be more economical and efficient for the parties to litigate in Illinois, as Defendants suggest. Although the parties will undoubtedly test or inspect this paper in preparation for trial, we fail to see how this process would impose a hardship on Defendants, who are located in Illinois, since they would not likely transport every metric ton of newspaper print to this district for trial. If anything, it seems that only York would bear the expense of sending an expert to Illinois to test any allegedly defective newspaper print. Thus, the fact that the paper is located in the Northern District of Illinois does not warrant transfer or impact the access to the sources of proof and evidence. *See Siegel v. Homestore, Inc.,* No. Civ. A. 02–8275, 2003 U.S. Dist. LEXIS 4547, at *13 (E.D.Pa. Mar. 19, 2003) (transfer proper since a "substantial amount of evidence" is located in another forum).

**\*3** Further, Defendants' claim that an individual responsible for negotiating the Agreement terms, who may be questioned by York, resides in the Northern District of Illinois and may not be within the subpoena power of this Court, also fails to demonstrate that transfer is proper. The fact that one potential witness may be outside the jurisdictional reach of this Court and, thereby, deprive the parties of live testimony does not satisfy the heavy burden Defendants must satisfy. While Defendants point to several cases holding that transfer is proper when witnesses reside beyond the subpoena power of the plaintiff's selected forum, these cases involve situations wherein multiple witnesses, not just one individual, could not be compelled to testify in the selected forum. *See Saint–Gobain Calmar, Inc. v. National Products Corp.,* 230 F.Supp.2d 655, 661 (E.D.Pa.2002) (holding transfer was proper when no records or witnesses were located in the proposed forum); *McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1104–05 (E.D.Pa.1977) (refusing transfer on grounds that all plaintiff's witnesses could not be compelled to testify in the proposed forum); *Detrick v. Baltimore & Ohio Railroad Co.,* 330 F.Supp. 257, 261 (E.D.Pa.1971) (finding transfer is proper since no witnesses were located in plaintiff's proposed forum). In fact, transferring this case to the Northern District

of Illinois would likely create the same problems for York that Defendants complain about since one of York's proposed witnesses would then be outside the subpoena power of the district court in the Northern District of Illinois. Transfer is not warranted if it "would merely shift the inconvenience from the defendant to the plaintiff." *Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc.,* 358 F.Supp. 441, 446 (E.D.Pa.1973). Thus, we are not persuaded that transfer is proper on the grounds that the parties may be denied the live testimony of one potential witness.

Defendants also claim that transfer is proper because the Sun–Times employees, who are all located in Illinois, may be subpoenaed if there is a dispute about the Sun–Times machines used to run the newsprint paper. This claim, which is speculative at best, also fails to tip the balance in favor of transfer. Furthermore, the fact that the Sun–Times' breach of the Agreement occurred in Illinois is of little consequence to warrant transfer to another forum. Moreover, Defendants' proffered reasons supporting its claim that, for practical reasons, this district is inconvenient, are equally unpersuasive. Defendants argue that since its offices, corporate books and records and employees are all located in the Northern District of Illinois, this forum is not a suitable place. However, since any documentary evidence located in Illinois could be copied and brought to this district, as York suggests, we find that Defendants' reasons are insufficient to warrant transfer and we deny their request.

B. Hollinger's Motion to Dismiss

 **\*4** In a separate motion, Hollinger urges this Court to dismiss all allegations against it in the instant case since it is not a party to the Agreement between York and the Sun–Times, as reflected in the plain language of the Agreement. Although Hollinger Vice President Ferguson signed the Agreement on behalf of the Sun–Times, Hollinger now argues that the Agreement's plain language indicates that the only parties to the Agreement are York and the Sun–Times. Since Hollinger is not named as a party to the Agreement, it contends that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is warranted.

Rule 12(b)(6) provides that a party may move to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept the non-movant's well-plead averments of fact as true and view all inferences in the light most favorable to the non-moving party. *Angelastro v. Prudential–Bache Securities, Inc.,* 764 F.2d 939, 944 (3d Cir.1985);

*Society Hill Civic Assoc. v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980); *Abbdulaziz v. City of Philadelphia,* Civ. A. No. 00–5672, 2001 U.S. Dist. LEXIS 16972, at \*4 (E.D.Pa. Oct. 18, 2001). In reviewing a Rule 12(b)(6) motion, the court must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd.,* 181 F.3d 410, 426 (3d Cir.1999); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994); *Douris v. Schweiker,* Civ. A. No. 02–1749, 2002 U.S. Dist. LEXIS 21029, at \*6 (E.D.Pa. Oct. 23, 2002). A motion to dismiss is appropriate only when the movant establishes that he is entitled to judgment as a matter of law and there exists "no set of facts in support of his claims which would entitle him to relief." *Ford v. Schering–Plough Corp.,* 145 F.3d 601, 604 (3d Cir.1998); *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991).

Although Hollinger claims that the plain language of the Agreement provides that Ferguson signed the Agreement on behalf of the Sun–Times, and not Hollinger, we cannot agree that dismissal is warranted at this juncture. Neither the Agreement nor Hollinger itself makes clear the relationship between Hollinger and the Sun–Times, or explains why a Hollinger employee would sign a contract with York on behalf of the Sun–Times. Although Hollinger stresses that "one cannot be liable for a breach of contract unless one is party to that contract," *Electron Energy Corp. v. Short,* 597 A.2d 175, 177 (Pa.Super.1991), it is unclear whether Hollinger is party to the Agreement since its vice president signed it. We find unpersuasive the cases Hollinger relies upon to support its claim, as they do not involve a motion to dismiss and address situations in which a party has failed to sign a contract or where a corporate officer is held liable in his individual capacity for the employer's breach of contract, both of which are scenarios unlike the one before this Court. *See Fox Fuel v. Delaware County Schools Joint Purchasing Bd.,* 856 F.Supp. 945, 953 (E.D.Pa.1994); *Viso v. Werner, Indus.,* 369 A.2d 1185, 1187 (Pa.1977); *Electron Energy Corp. v. Short,* 597 A.2d 175, 178–79 (Pa.Super.Ct.1991). Since York avers in its Complaint that Hollinger acted as a contracting party through its employee, an allegation not inconsistent with the Agreement's language, and we view the facts in the light most favorable to York, its claim that Hollinger is a party to the Agreement between York and the SunTimes must survive dismissal.[1]

*ORDER*

**\*5**  AND NOW, this day of April 2003, in consideration of the Motion to Transfer filed by Defendants Hollinger International, Inc. ("Hollinger") and the Chicago Sun–Times, Inc. (the "Sun–Times") (collectively, the "Defendants") (Doc. No. 6) and the Response of Plaintiff York Paper Company ("York") (Doc. No. 9), it is ORDERED that Defendants' Motion to Transfer is DENIED. In consideration of Hollinger's Motion to Dismiss (Doc. No. 3), York's Response (Doc. No. 8), and Hollinger's reply thereto (Doc. No. 10), it is further ORDERED that Hollinger's Motion to Dismiss is DENIED.

**All Citations**

Not Reported in F.Supp.2d, 2003 WL 21295001

Footnotes

1    In making our determination, we assess only the legal sufficiency of York's Complaint. Our review did not consider the correspondence York attaches as exhibits to its Response to Hollinger's Motion to Dismiss since these documents are not attached to York's Complaint or matters of judicial notice.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.