IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY BLAND, individually and on behalf of all others similarly situated, | ) CIVIL ACTION NO. 1:25-CV-1775 <br> ) <br> ) (Judge Neary) |
| Plaintiff, | ) |
| v. | ) |
| CABINETS TO GO, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT
OF MOTION FOR DISQUALIFICATION**

Defendant Cabinets To Go, LLC ("Cabinets To Go"), through its undersigned counsel, files this Brief in Support of its Motion for Disqualification and in support thereof, states the following.

### I.  FACTUAL BACKGROUND

Plaintiff initiated this case by filing a complaint alleging a putative class action on September 23, 2025. (*See* ECF No. 1.) In her complaint, Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and § 302.101 of the Texas Business and Commerce Code. (*Id.*) On November 4, 2025, Defendant moved to dismiss Plaintiff's complaint for lack of personal jurisdiction, or in the alternative, moved to transfer venue of the case to the Northern District of Texas. (*See* ECF No. 14, 15.) In part, Defendant argued that

Pennsylvania's corporate registration statute, 42 Pa. C.S. § 5301, was unconstitutional under the dormant Commerce Clause and thus, legally insufficient to confer personal jurisdiction on Defendant where, as here, Plaintiff's sole basis for personal jurisdiction was predicated on that statute. (ECF No. 15.) Defendant further argued that, as permitted by Supreme Court precedent, a district court may resolve questions of proper venue before deciding questions of personal jurisdiction, particularly where a sound prudential justification exists, such as avoiding the unnecessary decision of novel questions of constitutional law. (ECF No. 15, 22.)

After filing its motion to dismiss, the parties and presiding Judge, the Honorable Keli M. Neary, met telephonically on November 5, 2025 for an initial case management conference. At that conference, Judge Neary informed the parties of her previous employment as Executive Deputy Attorney General for the civil law division with the Pennsylvania Office of Attorney General (the "Pennsylvania OAG") within the previous year and acknowledged the potential conflict that her previous employment may raise under 28 U.S.C. § 455, particularly if the Pennsylvania OAG were to intervene in the case as permitted by Fed. R. Civ. P. 5.1. Given these circumstances, the Court issued an order continuing the case management conference until January 14, 2026 to allow the Pennsylvania OAG the required time under the Federal Rules of Civil Procedure to

decide whether to intervene and, if so, whether recusal was necessary. (*See* ECF No. 17.)

Following the conference, Defendant subsequently sent a copy of its motion and brief in support to the Pennsylvania OAG and filed notice of the same with the Court as required by Fed. R. Civ. P. 5.1. (*See* ECF No. 19, 20.) The Pennsylvania OAG responded to the notice of constitutional challenge on January 6, 2026. A copy of the Pennsylvania OAG's correspondence is attached as **Exhibit A**. In its letter, the Pennsylvania OAG informed the parties and the Court that:

> Our review of the matter notes that the challenge arises as part of defendant's motion to transfer this action to a Texas district court. The U.S. Supreme Court in *Leroy v. Great W. United Corp*, 443 U.S. 173, 180-81 (1979), has instructed that, in a situation like this, such a transfer is both permissible and advisable when the personal jurisdiction inquiry poses a novel constitutional question, thereby *making a need to intervene in this matter premature at this procedural stage*.

(*See* Ex. A, p. 1 (emphasis added).) At the case management conference on January 16, 2026, Judge Neary informed the parties that, given the Pennsylvania OAG's correspondence, she did not believe the Pennsylvania OAG intended to intervene in the case. Accordingly, Judge Neary entered a case management order on the same date (*See* ECF No. 26.) The case management order allows the parties—within two weeks of the date of the order—to file a joint status report indicating whether they believe a conflict exists pursuant to 28 U.S.C. § 455(a) or,

alternatively, whether they would consent to the jurisdiction of a magistrate judge. (*Id.*)

## II. LEGAL ARGUMENT

### A. THE PRESENT CIRCUMSTANCES JUSTIFY DISQUALIFICATION UNDER 28 U.S.C. § 455(a).

Defendant respectfully moves to recuse the Honorable Presiding Judge Keli M. Neary from presiding over any further proceedings in this action pursuant to 28 U.S.C. § 455(a). That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See* 28 U.S.C. § 455(a). Section 455 requires evaluation "on an objective basis" that considers "not the reality of bias or prejudice but its appearance." *See Conklin v. Warrington Tp.*, 476 F. Supp. 2d 458, 462 (M.D. Pa. 2007). That standard requires disqualification when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Id.* at 463 (citation omitted). Moreover, any doubts should be resolved in favor of disqualification. *Id.*

Here, sufficient circumstances exist under § 455(a) to create the appearance of impartiality. Specifically, presiding Judge Keli M. Neary—as recently as 2024—served as the Executive Deputy Attorney General for the civil law division of the Pennsylvania OAG. *See* The White House Press Releases, *President Biden Names Fifty-Third Round of Judicial Nominees*, The White House (July 31, 2024)

4

available at https://bidenwhitehouse.archives.gov/briefing-room/presidential-actions/2024/07/31/president-biden-names-fifty-third-round-of-judicial-nominees/. The Executive Deputy Attorney General for the civil law division is the individual government representative directly responsible for receiving and defending constitutional challenges to Pennsylvania laws on behalf of the Pennsylvania OAG. Accordingly, Judge Neary—in her previous role with the Pennsylvania OAG—routinely defended any constitutional challenges to Pennsylvania statutes over a period of several years.  Specifically, Judge Neary worked for the Pennsylvania OAG's civil law division from 2012 to 2025, in the following roles:

- Executive Deputy Attorney General, 2019-2025
- Chief Deputy Attorney General, 2018-2019
- Senior Deputy Attorney General, 2016-2018
- Deputy Attorney General, 2012-2016

*See* Judge Keli M. Neary, Pennsylvania Middle District of Pennsylvania available at https://www.pamd.uscourts.gov/judge-keli-m-neary (last visited Jan. 19, 2026).  Because this case involves a constitutional challenge to Pennsylvania's corporate registration statute, 42 Pa. C.S. § 5301, reasonable circumstances exist under § 455(a) that warrant disqualification given that Judge Neary (in her previous role with the Pennsylvania OAG) was responsible for defending the constitutionality of Pennsylvania statutes such as this.  Moreover, in her previous role as Executive Deputy Attorney General, Judge Neary likely worked with the very same attorneys from the Pennsylvania OAG that would appear in this case

5

given the likelihood that the Pennsylvania OAG will intervene in this matter should the Court deny the pending requested transfer to the Northern District of Texas.  The Pennsylvania OAG specifically indicated in its letter that any "need to intervene in this matter [was] premature at this procedural stage" given that its "review of the matter notes that the challenge arises as part of defendant's motion to transfer this action to a Texas district court." The Pennsylvania OAG further noted that the Supreme Court "has instructed that, in a situation like this, such a transfer is both *permissible and advisable* when the personal jurisdiction inquiry poses a novel constitutional question."  (Ex. A, p. 1 (emphasis added).)

      Defendant reads the Pennsylvania OAG's correspondence as consistent with its own position that the present circumstances warrant transfer to the Northern District of Texas.  However, Defendant reasonably understands that should this Court not agree, the Pennsylvania OAG may intervene to defend the constitutionality of the Commonwealth's corporate registration statute because then the challenge to the personal jurisdiction would not be "premature."  This would require Judge Neary to decide the constitutionality of a Pennsylvania statute roughly one year after leaving a state governmental position where she was expressly tasked with defending state statues (and worked directly with certain OAG personnel who would likely represent the Commonwealth upon intervention).  Accordingly, given the real possibility, if not the likelihood, that the

Pennsylvania OAG will, in fact, intervene in this matter should Defendant's requested transfer be denied, circumstances presently exist that dictate disqualification under § 455(a). Further, this assures that one judge handles the vast majority of the case such that there are not rulings by Judge Neary and then a subsequent recusal required if the motion to transfer is denied and the Pennsylvania OAG intervenes shortly thereafter.

However, disqualification would be required even if the Pennsylvania OAG did not intervene. Through Judge Neary's work, she was responsible for defending (or organizing the defense of) the constitutionality of Pennsylvania statutes, including this one, as recently as approximately one year ago. As envisioned by § 455(a), a reasonable person would question the appearance of impartiality stemming from such responsibilities, particularly where that work occurred within the last year.

### III.   CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants respectfully moves to recuse the Honorable Presiding Judge Keli M. Neary from presiding over any further proceedings in this action.

> Respectfully submitted,
>
> DENTONS COHEN & GRIGSBY P.C.
>
> By: /s/ Robert M. Linn
>      Robert M. Linn

7

                                          Pa. I.D. No. 44777
                                          Jonathan P. Sion
                                          Pa. I.D. No. 334062

                                          625 Liberty Avenue
                                          Pittsburgh, PA 15222-3152
                                          Ph: (412) 297-4900
                                          Fax: (412) 209-1975
                                          Email: *robert.linn@dentons.com*
                                                     *jon.sion@dentons.com*

                                          Charles E. Dorkey, III
                                          (Admitted *Pro Hac Vice*)
                                          Dentons US, LLP
                                          1221 Avenue of the Americas
                                          New York, NY 10020-1089
                                          Ph: (212) 768-5320
                                          Fax: (212) 768-6800
                                          Email: *charles.dorkey@dentons.com*

Dated: January 21, 2026                              *Counsel for Defendant,*
#5460176                                                 *Cabinets To Go, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, the foregoing Brief in Support of Defendant's Motion for Disqualification was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                        */s/  Robert M. Linn*