IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY BLAND, individual and on behalf of all others similarly situated,** | : | CIVIL ACTION NO. 1:25-CV-1775 |
| | : | |
| | : | **(Judge Neary)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **CABINETS TO GO, LLC,** | : | |
| | : | |
| **Defendant** | : | |

# ORDER

Presently before the court is defendant Cabinets to Go, LLC's motion (Doc. 28) for recusal, pursuant to 28 U.S.C. § 455(a). Cabinets to Go argues the undersigned must recuse herself because of the chance the Pennsylvania Office of Attorney General ("OAG") may intervene in this case.

"Recusal is not to be undertaken lightly." Simonson v. Gen. Motors Corp., 425 F. Supp. 574, 579 (E.D. Pa. 1976). Rather, recusal is only warranted when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (citing Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 164 (3d Cir. 1993)). Crucially, the circumstances creating an inference of partiality cannot be mere possibilities; they must be concrete facts. United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).

In this case, the basis for Cabinets to Go's argument is the possibility the OAG may intervene in this case. Though it casts the OAG's potential intervention

as a "real possibility, if not [a] likelihood," Cabinets to Go's motion is still based on the hypothetical outcome were the OAG to intervene. Further, the court notes that, even if the OAG were to intervene in this case, it is not obvious recusal would be mandated.[1] Section 455(b)(3) mandates recusal of a judge who, in past government experience, served "as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the *particular* case in controversy." Notably, this provision is limited to discrete and particular cases, not general issues. Cabinets to Go has not provided, and the court is unaware of, any cases holding judges must rescues themselves in every instance of a case involving the judge's former government employer. Such a rule would discourage the appointment of judges from government work and is not mandated either by the law, or the rules of ethics.

Accordingly, AND NOW, this 20th day of February, 2019, it is hereby ORDERED that Cabinets to Go's motion (Doc. 28) for recusal is DENIED without prejudice.

/S/ Keli M. Neary
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

---

[1] To be clear, the court is not prejudging a potential future motion for recusal should the OAG intervene. Even if not mandated, it could very well be prudent to recuse to avoid possible inference of partiality should the OAG make in appearance in this case. Still, that decision would be within the discretion of the undersigned, not one mandated by the recusal statutes.